IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LISA WILLYARD, individually, and**
**TONY WILLYARD, minor child, by and**
**through his Next Friend Lisa Willyard,**

    **Plaintiffs,**

**v.**

**WAL-MART STORES, INC.,**

    **Defendant/Third-Party Plaintiff,**

**v.**

**DYNACRAFT BSC, INC.,**

    **Third-Party Defendant.**                                     Case No. 09-cv-295-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Before the Court is a Joint Motion to Sever Count II of Third Party Complaint (Doc. 12), filed by defendant/third-party plaintiff Wal-Mart Stores, Inc. ("Wal-Mart") and third-party defendant Dynacraft BSC, Inc. ("Dynacraft"). Plaintiffs have not opposed said Motion. The Motion seeks a severance of Count II of Wal-Mart's Third Party Complaint against Dynacraft (*see* Doc. 2, Attachment 19 - Third Party Complaint). The Third-Party Complaint is comprised of two counts against Dynacraft: Count I seeks damages against Dynacraft for contribution and Count II is for Dynacraft's alleged failure to indemnify Wal-Mart and procure insurance

naming Wal-Mart as an additional insured.[1] Wal-Mart and Dynacraft seek a severance of the indemnity claim (Count II) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 21**. In the alternative, they ask for a bifurcated trial, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 42(b)**.

Under **Rule 21**, "[t]he court may also sever any claim against a party." **FED. R. CIV. P. 21**. *See also Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000) ("**It is within the district court's broad discretion whether to sever a claim under Rule 21.**"); *Aiello v. Kingston,* 947 F.2d 834, 835 (7th Cir. 1991) ("**Federal Rule of Civil Procedure 21 allows a court to sever claims that are logically distinct . . . .**"). One purpose of allowing a court to sever claims is to increase judicial economy. ***Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).** "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice*, 209 F.3d at 1016 ("**In other words, one claim must be capable of resolution despite the outcome of the other claim.**"). Further, "[a]s a general matter, **Rule 21** severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." ***Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 441 (7th Cir. 2006)**.

In this case, severance of Count II of Wal-Mart's Third Party Complaint,

---

[1] Plaintiffs' underlying Complaint seeks damages against Wal-Mart for injuries suffered by plaintiff Tony Willyard while riding a bicycle purchased from one of Wal-Mart's stores.

which can be described as the "indemnification claim," is necessary, otherwise, the jury would be informed of the potential for insurance coverage for Plaintiffs' personal injury claims. Therefore, allowing this claim to proceed as part of the entire case would only likely serve to confuse and prejudice the jury in Plaintiffs' personal injury action. Additionally, the issue of indemnity coverage will only come into play if Plaintiffs prevail on any of their claims against Wal-Mart. As such, a severance would best preserve judicial economy, as the merits of the indemnification claim need only be tried in front of a jury should Plaintiffs prevail. Thus, the Court finds the indemnification claim is a discrete and separate claim, capable of being severed from the rest of Plaintiffs' claims and Count I of Wal-Mart's Third-Party Complaint.

For good cause shown, the Court hereby **GRANTS** the Joint Motion to Sever Count II of Third Party Complaint (Doc. 12), such that Count II of Wal-Mart's Third-Party Complaint is hereby **SEVERED** and shall be tried separately from the remaining claims in this case alleged in Plaintiffs' Complaint and in Count I of Wal-Mart's Third Party Complaint. This matter is referred to the magistrate judge for any necessary amendments to the pending deadlines.

**IT IS SO ORDERED**.

Signed this 11th day of June, 2009.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**