IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LISA WILLYARD, individually
and TONY WILLYARD, minor child
by and through his Next Friend, Lisa Willyard,

    Plaintiffs,

v.

WAL-MART STORES, Inc.,

    Defendant.                                      Case No. 09-cv-295-DRH

_____

WAL-MART STORES, INC.,

    Third-Party Plaintiff,

v.

DYNACRAFT BSC, INC.,

    Third-Party Defendant.

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On April 15, 2009, defendant Wal-Mart Stores, Inc. ("Wal-Mart"), removed this case from state court, pursuant to **28 U.S.C. § 1441**, on the basis of diversity jurisdiction (Doc. 2). Over three months later, plaintiffs Lisa Willyard and

Tony Willyard filed a Motion to Remand (Doc. 31), to which Wal-Mart has filed an opposing Response (Doc. 36). In addition, third-party defendant Dynacraft BSC, Inc. ("Dynacraft") has filed an opposing Response (Doc. 37), echoing Wal-Mart's arguments.

Removal of Plaintiffs' suit has been attempted twice before in related cases. Wal-Mart originally removed this case on the basis of diversity. *See Willyard v. Wal-Mart Stores, Inc.*, Case No. 08-cv-492-DRH. The Court, however, *sua sponte* remanded the matter back to state court, finding that Wal-Mart had failed to sufficiently establish that the amount in controversy had been met (Case No. 08-cv-492-DRH, Doc. 27). Wal-Mart subsequently filed a Third-Party Complaint against Dynacraft. Dynacraft then filed a timely Notice of Removal in the instant case, pursuant to **28 U.S.C. § 1446(b)**. Wal-Mart joined in the removal. *See Willyard v. Wal-Mart Stores, Inc.*, Case No. 09-cv-243-DRH. Again, the matter was remanded by the Court upon a finding the case was improperly removed by a third-party defendant (Case No. 09-cv-243-DRH, Doc. 18). The following day, Wal-Mart removed Plaintiffs' suit for the third time (Doc. 2).

Presently, Wal-Mart asserts it has timely removed this case pursuant to **28 U.S.C. § 1446(b)**, by way of a settlement demand letter for $90,000 sent by Plaintiffs' attorney, dated March 18, 2009, which it believes constitutes "other paper" from which it may be ascertained that the case is removable (Doc. 2, Ex. A). Plaintiffs argue that a remand is necessary because their settlement demand letter should not be used to assess the value of their claims. For the reasons discussed

herein, the Court finds the Plaintiffs' arguments in favor of remand to be unavailing and therefore must deny the Motion.

## II. Discussion

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

Wal-Mart removed this case on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Wal-Mart asserts that although the Court remanded the case, *sua sponte*, based on the finding that the amount in controversy was not met at the time of the first removal (*see* Case No. 08-

cv-492-DRH, Doc. 27), Plaintiffs' March 18, 2009 settlement demand letter seeking $90,000, plus an assurance that Wal-Mart and Dynacraft will cover any future medical treatment and therapy, constitutes "other paper" under **28 U.S.C. § 1446(b)**, showing that this case is removable. Wal-Mart asserts that it received the letter on March 20, 2009. **28 U.S.C. § 1446(b)** provides, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Wal-Mart filed its Notice of Removal (Doc. 2) in the instant matter on April 15, 2009 – within thirty days after receiving Plaintiffs' settlement demand letter. Further, the case was removed within a year of the filing of Plaintiffs' Complaint on June 4, 2008.

The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)**. If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." ***Chase*, 110 F.3d at 427 (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. The evidence shown to be available at the time of removal must prove to a

reasonable probability that the jurisdictional amount was met. ***Id.***

It appears from Wal-Mart's allegations in its Notice of Removal that there is complete diversity of citizenship between the Parties (Doc. 2, ¶¶ 4-7). This is not contested by Plaintiffs' Motion to Remand. What is at issue here is whether Defendant has met its burden in showing that the requisite amount in controversy existed at the time of removal. As stated previously, Wal-Mart relies upon Plaintiffs' damages allegations in their Complaint, coupled with their recent settlement demand letter. Plaintiffs' Complaint alleges that plaintiff Tony Willyard suffered injuries which are:

> severe, continuing, progressive or permanent" injuries to his "right shoulder, a right scapular fracture, torn labrum, and AC joint injury, injury to his back, collarbone, head and neck, and to the bones, muscles, and tissues attached or related thereto; that Plaintiff has suffered and will in the future continue to suffer great physical pain and mental anguish; that he is disabled and restricted in activities and in his quality and enjoyment of normal life; that as a direct consequence of his injury he has had to undergo medical care and treatment, and that such costs have been expended on his behalf and that he will incur such expenses in the future in amounts to be determined.

(Doc. 2, ¶ 9, Ex. 12, ¶ 12.)

While such allegations without more may not prove enough to meet Defendant's burden to show the amount in controversy was met, Plaintiff's settlement demand letter seeking *more* than the amount in controversy led Wal-Mart to believe diversity jurisdiction exists and removal was warranted. In support of the request to remand this case back to state court, Plaintiffs argue that Tony Willyard's medical bills amount to less than $5,000. As for the settlement demand letter, Plaintiffs

indicate that the requested $90,000 plus future medical expenses was merely "an initial negotiating position, [and] should not be taken as an indication of the value of the case" (Doc. 31, ¶¶ 4 & 6).  Plaintiffs also now assert that the damages, exclusive of interest and costs, are $75,000 or less and agree that if awarded a greater sum after trial, will only accept the amount up to and including $75,000, other than interest and costs (*Id*. at ¶ 5).  In support of their assertions, Plaintiffs offer the affidavit of their counsel (*Id*., Ex. A).

When a complaint lacks an *ad damnum* clause, a plaintiff's settlement demand letter can often serve as sufficient evidence to establish the amount in controversy.  ***Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006) ("A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does.  The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold.") (emphasis in original; citations omitted)**.  Courts have found it proper to consider the contents of a settlement demand letter in aiding to determine the amount in controversy as the letter is not being used either "to prove liability for or invalidity of the claim or its amount."  ***Id.* at 816 (internal quotations omitted)**.  Oftentimes, the settlement demand amount is actually viewed by Courts as *less* than what the party believes the value of the case to be, but factors in the risk of losing at trial if the parties do not settle.  ***See, e.g.*, *Rising-Moore*, 435**

**F.3d at 816-17**.

Therefore, the Court believes Plaintiffs' settlement demand letter can be used as evidence used to establish the amount in controversy even though the settlement demand letter was received more than 30 days after Wal-Mart was served with the Complaint. Thus, the Court finds that Plaintiffs' post-complaint settlement demand letter constitutes "other paper" under **28 U.S.C. § 1446(b)** for the purpose of making the most recent removal of this case timely. *See **Landacre v. Chantal**,* **No. 07-cv-415-DRH, 2007 WL 2564080 at * 2-4 (S.D. Ill Sept. 4, 2007) (Herndon, J.);** ***Morrow v. Daimlerchrysler Corp.*, 451 F. Supp. 2d 965, 967-68 (N.D. Ill. 2006)**. Further, because jurisdiction is determined at the time of removal, Plaintiffs' stipulation contained within their Motion to Remand, agreeing not to accept more than $75,000 if awarded by the jury, is unpersuasive. ***Id.*; *see also* *Chase*, 110 F.3d at 429; *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938))**.

### III. Conclusion

Plaintiffs' allegations, coupled with the amount sought in their post-complaint settlement demand letter constitutes "other paper" under **§ 1446(b)** for the purposes of determining if Wal-Mart's current removal of this case was timely. The Court finds that it was timely. The Court further finds that Plaintiffs' allegations, coupled with their settlement demand letter, sufficiently establish that the amount

in controversy, and therefore, diversity jurisdiction, existed at the time of Wal-Mart's removal of this case.  Lastly, the Court finds that Plaintiffs' stipulation to not accept more than $75,000 ineffective to prevent a timely and well-founded removal. Accordingly, Plaintiffs' Motion to Remand (Doc. 31) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of November, 2009.

/s/  *David R Herndon*
**Chief Judge
United States District Court**