IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LISA WILLYARD, individually, and**
**TONY WILLYARD, minor child, by and**
**through his Next Friend Lisa Willyard,**

    **Plaintiffs,**

v.

**WAL-MART STORES, INC.,**

    **Defendant/Third-Party Plaintiff,**

v.

**DYNACRAFT BSC, INC.,**

    **Third-Party Defendant.**                      Case No. 09-cv-295-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is defendant/third-party plaintiff Wal-Mart Stores, Inc. ("Wal-Mart") Motion to Dismiss Count II and III (Doc. 15) of Plaintiffs' Complaint. Plaintiffs have filed an opposing Response (Doc. 20) and Defendant has Replied thereto (Doc. 23).[1] Plaintiffs filed suit against Defendant for injuries allegedly sustained by Tony Willyard when he fell while riding a Next-Dynacraft bicycle the

---

[1] Defendant's Reply (Doc. 23) is in excess of the five-page limit allowed by the Court's local rules (*see* SDIL - LR 7.1). It is not readily apparent from the record that Defendant was granted leave to file a reply in excess of the page limits. Therefore, the Court will not consider any portion of Defendant's Reply beyond page five.

"bicycle"), which was purchased at Defendant's store located in Cahokia, Illinois. Plaintiffs' Complaint pleads four separate counts against Defendant: Count I alleges a claim for common law negligence, Count II alleges a strict product liability claim, Count III alleges a claim of negligent supervision, and Count IV is a claim for medical expenses. Defendant has also filed a Third Party Complaint against Dynacraft, BSC, Inc. ("Dynacraft"), for indemnity purposes, alleging Dynacraft was the manufacturer of the bicycle at issue in this suit.

Defendant seeks a dismissal of Count II, claiming that pursuant to section 2-621 of the Illinois Code of Civil Procedure, as Defendant has certified that it was not the manufacturer of the bicycle.[2] Further, Defendant seeks a dismissal of Count III, claiming Plaintiffs have failed to properly plead a claim of negligent supervision. For the reasons discussed herein, the Court finds Counts II and III should be dismissed.

## II. Discussion

### A. Count II - Products Liability

Defendant asserts that section 2-621 requires its dismissal as a non-manufacturer from Plaintiffs' strict products liability claim, and thus, dismissal of

---

[2] The Parties do not dispute that because the basis of jurisdiction in this matter is diversity, that Illinois substantive law applies under the **Erie** doctrine. **Erie Railway Co. v. Thompkins, 304 U.S. 64 (1938)**. Although § 2-621, which is the basis for Defendant's motion in regards to Count II, can be viewed as procedural, the courts, in fact, view it as substantive for the purposes of **Erie**. **See, e.g., LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d 1041, 1047 (S.D. Ill. 2006) (Murphy, J.).**

Count II of Plaintiffs' Complaint. **735 ILL. COMP. STAT. 5/2-621**.[3]

Section 2-621 is commonly referred to as the "seller's exception," in that Illinois statutory law provides that a nonmanufacturer defendant "in a strict product liability action may be dismissed from the cause of action if it certifies the correct identity of the manufacturer of the product which allegedly caused the plaintiff's injury. *See **Murphy v. Mancari's Chrysler Plymouth, Inc.**, 887 N.E.2d 569, 573 (Ill. App. 2008)*. Attached as Exhibit A to Defendant's Motion to Dismiss is a Certification of Manufacturer, identifying third party defendant Dynacraft as the manufacturer of the bicycle. Thus, Defendant seeks dismissal of Count II, (because Wal-Mart is the only party named as a defendant in this suit, as Plaintiffs have failed to amend their Complaint to bring the product liability claim against Dynacraft). Further, Defendant argues that Plaintiffs only allege Defendant is liable under a product liability theory because for its improper assembly of the bicycle, which mirrors Plaintiffs' negligence claim in Count I (for which Defendant does not currently seek a dismissal).

When a defendant complies with section 2-621, its dismissal is mandatory, given that a plaintiff may at any time move to reinstate the product liability claim against the dismissed nonmanufacturer defendant "if the action against

---

[3] Public Act 89-7 amended § 2-621, effective March 9, 1995. However, the Illinois Supreme Court held the Act unconstitutional in its entirety in ***Best v. Taylor Machine Works*, 689 N.E.2d 1057 (1997)**, and thus, it is the version of § 2-621 in effect prior to the 1995 amendment which the Court applies herein. ***See Murphy v. Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 573 n.2 (Ill. App. 2008)**.

Page 3 of 9

the product manufacturer would be impossible or unavailing." *Id*. **(citing 735 ILL. COMP. STAT. 5/2-621(b)) (case citations omitted)**. There are three exceptions to this general rule, as stated in the statute, if the plaintiff shows:

> (1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or
>
> (2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or
>
> (3) That the defendant created the defect in the product which caused the injury, death or damage."

**735 ILL. COMP. STAT. 5/2-621(c)**.

Here, Plaintiffs argue that Defendant should not be dismissed from Count II as a nonmanufacturer under this provision, as they have alleged the third exception: that Defendant "created the defect in the product which caused the injury" by improperly assembling the bicycle (Doc. 20, pp. 3-4, citing ¶¶ 8-9, Counts I and II). Aside from questioning the validity of the Certification itself, as well as whether Dynacraft actually manufacturers *any* bicycles, Plaintiffs cite to the Illinois Appellate Court opinion in ***Carollo v. Al Waren Oil Co., Inc.*, 820 N.E.2d 994 (Ill. App. Ct. 2004)**, to support their argument.

The Court finds ***Carollo*** inapposite to the facts of the instant suit. Plaintiffs opine that Defendant can be considered a manufacturer of the bicycle under the exception listed in section 2-621(c)(3), because of its alleged improper

assembly of the bicycle. The appellate court in *Carollo* discussed several definitions of "manufacturing" to ultimately reach its conclusion that the defendant in the case, who assembled two tanker trucks (called "A-2" and "A-3"), could potentially be considered a "manufacturer" for product liability purposes. *Id.* **at 1005-06**. However, the appellate court observed that the assembly itself was complex and involved:

> A-2's assembly took approximately 200 hours. A-2 was assembled from an old, twice pre-owned, used tank, mounted on a chassis. The employees removed the tank from its older chassis and affixed it to a new chassis; this installation took around eight hours. The remainder of the time was spent painting the tank, replacing the rotted-out piping, reinstalling the valves, and conducting tests required by the Environmental Protection Agency and the Department of Transportation.

*Id.* **at 997**.

The *Carollo* court looked to various ways the term "manufacture" had been defined: "Whenever labor is bestowed upon an article which results in its assuming a new form, possessing new qualities or new combinations, the process of manufacturing has taken place;" *Id.* **at 1005 (citing *Dolese & Shepard Co. v. O'Connell*, 100 N.E. 235, 236 (Ill. 1912) (internal quotes omitted)**); as well as "the material staging and production of tangible personal property by procedures commonly regarded as manufacturing, processing, fabrication, or assembling which changes some existing material into new shapes, new qualities, or new combinations;" *Id.* **(citing *Schawk, Inc. v. Zehnder*, 761 N.E.2d 192, 195 (Ill.

**App. Ct. 2001) (internal quotes omitted)**. Lastly, the **Carollo** court noted the definition of "manufacture" as found in the dictionary:

> The Oxford English Dictionary defines 'manufacture' as follows: '1. . . . To work up (material) into form suitable for use. . . . 2. To make or fabricate from material; to produce by labour (now esp. on a large scale).' [Citation.] The American Heritage Dictionary, defines 'manufacture' as '1. a. To make or process (a raw material) into a finished product, esp. by means of a large-scale industrial operation. b. To make or process (a product) . . . 2. To create, produce or turn out in a mechanical manner . . . 3. . . . To make or process goods, esp. in large quantities and by means of industrial machines.' [Citation.].

*Id.* **(citing *Schwank*, 761 N.E.2d at 195) (alterations in original)**.

Here, the allegations of Plaintiffs' Complaint do not speak of elaborate assembly or other fabrication/modification of the parts by Defendant when constructing the bicycle. By assembling the bicycle, it was not "made" into anything other than it was supposed to be. Whether Defendant correctly followed the directions for assembly, etc., goes to Plaintiffs' negligence claim in Count I, not a product liability claim. Accordingly, the Court finds, aside from Plaintiffs' objections thereto, that the Certificate of Manufacturer to be adequate at this point in time. As such, pursuant to section 2-621, Count II is hereby dismissed against Defendant.

The Court also finds unavailing Plaintiffs' argument that Defendant should be found in default as to Count II, for its failure to answer the allegations, given that its argument for dismissal of Count II is not one specifically enumerated in **Rule 12**, which essentially allows a defendant to delay filing its answer until 14 days after its motion to dismiss is ruled upon if the motion is made based upon the

defenses specified in subsection b: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (6) failure to join a party under Rule 19. **FED. R. CIV. P. 12(b)**. Contrary to Plaintiffs' suggestion that Defendant did not move to dismiss Count II pursuant to any defenses enumerated in **Rule 12(b)**, the Court finds that although not specifically identified as such, Defendant has made its motion pursuant to **Rule 12(b)(6)** in that it argues Plaintiffs cannot state a claim for product liability against Defendant for which relief can be granted, because Defendant should be dismissed pursuant to section 2-621 as a nonmanufacturer. Thus, Defendant did not need to answer Plaintiffs' Count II until 14 days after the Court's ruling on the instant motion. However, as the Court has granted dismissal, the need for answering Count II has now become moot.

**B.    Count III - Negligent Supervision**

Defendant also argues that Plaintiffs cannot state a claim of negligent supervision, as plead in Count III. Specifically, Defendant argues that Plaintiffs have failed to allege the requisite elements: (1) the employer knew or should have known that its employee had a particular unfitness for his position; (2) the employee's unfitness created a danger of harm to third persons; and (3) the employer's failure to safeguard the plaintiff against the particular unfitness proximately cause plaintiff injury (Doc. 15, p. 3, citing *Platson v. NSM, America, Inc.*, 748 N.E.2d 1278, 1284

(Ill. App. Ct. 2001)).  Responding, Plaintiffs argue that the elements set forth in **Platson** are inapplicable to this case, as **Platson** dealt with an employee's sexual misconduct.  Instead, Plaintiffs claim Count III varies from the negligence claim in Count I because it alleges Defendant, as the employer, failed to properly train and/or supervise its employees in the proper assembly of the bicycle and/or inspection thereafter and that plaintiff Tony Willyard was injured as a result (Complaint, ¶¶ 12-13).

A claim for negligent supervision or failure to train is distinct from respondeat superior liability, as the former cause of action regards the employer's own negligence, rather than the employer's vicarious liability for negligence of its employee. **See Vancura v. Katris, 907 N.E.2d 814, 826 (Ill. App. Ct. 2008)**. Under Illinois law, a cause of action for failure to train/negligent supervision must show: (1) the employer had a duty to train and/or supervise its employees, (2) the employer negligently trained and/or supervised an employee, and (3) the employer's negligence proximately caused the plaintiff's injuries. **Van Horne v. Muller, 691 N.E.2d 74, 79 (Ill. App. Ct. 1998)**, *rev'd in part on other grounds*, **705 N.E.2d 898 (Ill. 1999)**.  Here, Plaintiffs have sufficient alleged these elements, with the exception of expressly alleging that Defendant maintained a duty to train and/or supervise its employees.  However, given that this is federal court, it follows the pleading requirements of **Rule 8**, which allow for claims that are not mere legal conclusions and which are plausible on their face. **See Bell Atlantic Corp. v.**

*Twombly*, **550 U.S. 544, 570 (2007) (Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion)**. However, the Court construes the "duty" to be the common law duty which is measured by the standard of reasonableness, as there is no statutory duty set forth nor has Defendant argued otherwise. *Vancura*, **907 N.E.2d at 841**. Thus, the Court declines to dismiss Count III at this juncture.

### III. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss Counts II and III (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**. Specifically, pursuant to **735 ILL. COMP. STAT. 5/2-621(b)**, Plaintiffs' Count II is **DISMISSED WITHOUT PREJUDICE**[4] against defendant Wal-Mart Stores, Inc. Plaintiffs' Count III survives dismissal.

**IT IS SO ORDERED.**

Signed this 8th day of February, 2010.

/s/ David R Herndon
**Chief Judge
United States District Court**

---

[4] Due to Plaintiffs' right of reinstatement of the claim, if proper, pursuant to **735 ILL. COMP. STAT. 5/2-621(b)**.